DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Bobby Simmons has appealed a decision of the Summit County Court of Common Pleas classifying him as a sexual predator. This Court affirms.
In 1977, Simmons was convicted of one count each of aggravated burglary, aggravated robbery, felonious assault, rape, and attempted felonious sexual penetration.
Simmons has been incarcerated continuously since 1977.
On June 8, 2001, a sexual offender classification hearing was held. The court classified Simmons as a sexual predator.
Simmons timely appealed and has set forth one assignment of error for review.
 ASSIGNMENT OF ERROR THE STATE DID NOT PRODUCE EVIDENCE TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT BOBBY SIMMONS IS A SEXUAL PREDATOR.
Simmons has argued that the trial court's finding that he should be classified as a sexual predator was against the manifest weight of the evidence.
"This Court applies the same standard in determining whether a sexual predator adjudication is against the manifest weight of the evidence as in reviewing a criminal conviction." State v. Linden (Feb. 2, 2000), Medina App. No. 2984-M, unreported. In reviewing a manifest weight challenge, this Court:
 must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Pursuant to R.C. 2950.01(G) (3), an offender is "`adjudicated as being a sexual predator'" if:
 prior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator.
Simmons does not dispute that he was convicted of a sexually-oriented offense prior to January 1, 1997, or that he was imprisoned at the time of his adjudication as a sexual predator. Simmons takes issue only with the trial court's determination that he was a sexual predator.
The only dispute here is whether the weight of the evidence supported the trial court's finding that Simmons is likely to commit a sexually oriented offense in the future. In making that determination, the trial court must consider all relevant factors, including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
In order for a trial court to adjudicate an offender as a sexual predator, the court must consider the factors outlined above and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C.2950.09(B)(3). In reviewing the trial court's decision, this Court must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard. Cross v. Ledford (1954),161 Ohio St. 469, 477. See, also, State v. Cartwright (Nov. 25, 1998), Lorain App. No. 97CA006782, unreported. The standard of "clear and convincing evidence" is defined as "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
On appeal, Simmons has assigned as error the fact that the journal entry does not mention with specificity any of the factors listed in R.C. 2950.09(B)(2). However, the trial court was not required to mention each of the statutory factors in its decision, but merely to consider each factor in arriving at its decision. State v. Alexander (Apr. 14, 1999), Summit App. No. 18823, unreported, citing State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported. These factors need not be weighted or balanced, nor does the determination of sexual predator status demand that a majority of the factors listed weigh against the defendant. State v Francis (June 16, 1999), Summit App. No. 18791, unreported, citing State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported.
A review of the record in the case sub judice demonstrates the trial court's classification of Simmons as a sexual predator is supported by clear and convincing evidence. The record indicates the trial court considered the evidence and testimony in light of the factors listed in R.C. 2950.09(B)(2) before concluding Simmons should be classified a sexual predator. Simmons either made or agreed with the threat to the victim that the intruders would wait for the victim's daughter to come home so they could rape the daughter. Simmons raped the victim and put a gun barrel in her vagina. The victim stated that Simmons took "great joy," in his actions. Simmons showed no remorse for his conduct. This Court's independent examination of the record supports the trial court's conclusion that, by clear and convincing evidence, Simmons qualifies as a sexual predator.
Simmons' sole assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J.
SLABY, J. CONCUR